ERIC H. ANDERSON, petitioner. July 26, 1972. This bill of exceptions arises out of a petition, pursuant to G. L. c. 123A, § 9, in which the petitioner seeks to be discharged from the treatment center for sexually dangerous persons at the Massachusetts Correctional Institution at Bridgewater. After a hearing before a Superior Court judge, the petition was denied. The sole exceptions argued before us concern three rulings by the judge as to the admission of evidence. There was no error. General Laws c. 123A, § 9, as amended through St. 1966, c. 608, states that "[t]he court . . . shall hear the recommendations of the department of mental health." In this case, the judge received in evidence, over the petitioner's objection and exception, a letter from Dr. Harry L. Kozol, director of the treatment center. The letter, among other things, recommended denial of the petition before the court and stated that the petitioner "appears to have reached a plateau in treatment and finds it extremely difficult to deal with odd sexual fantasies." We are of opinion that the letter was properly admissible as a "recommendation of the department of mental health" under § 9. We observe also that two other psychiatrists were introduced as witnesses by the Commonwealth and testified that the petitioner was sexually dangerous. The petitioner's counsel at no time exercised his right to ask for the judge's assistance in procuring the attendance in court of Dr. Kozol. See § 9. The peti-

tioner's second exception relates to the testimony of Dr. Robert F. Moore who, on direct examination, was allowed to give his opinion that the petitioner was a sexually dangerous person. Dr. Moore based his opinion on his "understandings" of the Department of Correction's records of prior criminal activities of the petitioner. The evidence was admissible. General Laws, c. 123A, §§ 5 and 9, provide that psychiatrists shall have access to and can consider records of a person's prior criminal activities which tend to show that he is a sexually dangerous person. See *Commonwealth* v. *McGruder*, 348 Mass. 712, 715. There is no showing that defence counsel requested that the records should be produced, or that Dr. Moore's "understandings" were anything but a substantially accurate portrayal of the petitioner's prior criminal activities. The petitioner's final exception relates to the testimony of Dr. Newman Cohen who, called by the Commonwealth, testified in cross-examination by defence counsel, that the petitioner "likes abnormal sex, [a]nd this is the source of his troubles." The petitioner later excepted to the judge's refusal to strike Dr. Cohen's prior testimony that the petitioner was sexually dangerous. The petitioner argues that his liking for abnormal sex was not sufficient to support a conclusion that he was sexually dangerous within the meaning of the statute. G. L. c. 123A, § 1. The judge properly denied the motion to strike. At no time did Dr. Cohen state, nor was he asked to state, that the petitioner's liking for abnormal sex was the only reason for his reaching the conclusion that the petitioner was sexually dangerous.

*Exceptions overruled.*

*Reuben Goodman* (*Mary C. Kingsley* with him) for the petitioner.
*Paul E. George,* Special Assistant District Attorney, for the Commonwealth.